CLARK et al. v. NICHOLS.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

ATTORNEY AND CLIENT—COMPENSATION—SPECIAL AGREEMENT—QUANTUM MER-
    UIT.
        Where attorneys, retained to conduct an action originally brought by
    other attorneys on a certain claim, agreed to accept half of any amount
    received in settlement of the claim, and to make no charge unless the
    claim was settled and the money therefor recovered, but the client after-
    ward, without informing the attorneys of the true character of his
    claim, withdrew the claim, making an affidavit that it was made for a
    larger amount than he had actually suffered, the attorneys, after with-
    drawing from the case, were entitled to recover on a quantum meruit
    for the value of the services rendered.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and
    Client, §§ 354, 355.]

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-
trict.

Action by Joseph E. Clark and Franklin Taylor against Peter
Nichols for professional services as attorneys.   From a judgment dis-
missing the complaint, plaintiffs appeal.   Reversed, and new trial or-
dered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAY-
NOR, JJ.

Franklin Taylor, for appellants.
J. T. Mahoney, for respondent.

RICH, J.   This appeal is from a judgment of the Municipal Court
dismissing the complaint at the close of plaintiffs' case.   The action
was brought by plaintiffs, who are attorneys and counselors at law,
to recover the value of their professional services alleged to have been
rendered in defendant's behalf under a retainer to collect a claim
against the city of New York for damages.   The defendant promised
and agreed to pay said attorneys one-half of any amount received in
settlement upon the stipulation by plaintiffs that they would make no
charge for their services unless the claim was settled and the money
therefor recovered.   An action had already been commenced for the
recovery of the claim before plaintiffs were retained, and they were
thereafter duly substituted as attorneys in the action.   Afterwards,
without notice to plaintiffs and without informing them of the true
character of his claim, defendant submitted to the comptroller of the
city an affidavit wherein he stated among other things:

"That claim was made for a larger amount of damage than I actually
suffered; that I do not wish to bother with these claims any longer; that
1 do not wish to prosecute the same in court; that I therefore withdraw the
said claims in consideration of my being permitted to do so."

There is no pretense that plaintiffs had knowledge of the fictitious
character of the claims until some six months later when they were
informed of this affidavit.   They thereupon very promptly withdrew
from the case.   It was the only course open to them and it cannot be
said that they were not justified in so doing.   It is true that no re-

covery was had, but plaintiffs accepted the retainer after the action was at issue and at that time defendant had verified his complaint. Upon discovering the nature of the claim they were justified in terminating the relation of attorney and client and became entitled to recover upon quantum meruit for the value of the services rendered. It follows, therefore, that the complaint was improperly dismissed, the judgment should be reversed and a new trial ordered, costs to abide the event. All concur.