WILLIAM H. McCREARY, APPELLANT, v. HERSCHEL BATES ET AL., RE-SPONDENTS.—176 S. W. (2d) 298.

Kansas City Court of Appeals. December 6, 1943.

*Enos A. Axtell, G. Logan Marr* and *Harding, Murphy & Tucker* for appellant.

*A. J. Bolinger* for respondent.

32

CAVE, J.—This is an appeal from a judgment of the Circuit Court of Morgan County. We will state the facts, pleadings and judgment as an aid to a better understanding of the questions presented.

On July 24, 1942, McCreary filed a petition in replevin with affidavit and bond, in the Circuit Court of Morgan County, against Herschel Bates and T. C. Petchell and associates, as defendants. By his petition plaintiff sought to recover, by replevin, possession of a certain cabin cruiser located on the waters of the Lake of the Ozarks. His right to possession of the cruiser grew out of the allegation that defendant Bates had, on November 25, 1941, executed to plaintiff a promissory note in the sum of $700, bearing six per cent interest, and as security therefor, executed and delivered a chattel mortgage on said cabin cruiser; that the note and chattel mortgage were in default and because thereof, he was entitled to the exclusive possession of the boat, and prayed for judgment against defendant for possession of the boat and in the event the property could not be delivered by defendant to plaintiff, for judgment against the defendant in the sum of $700, with interest.

Writ of replevin issued and the sheriff of Morgan County executed the writ by taking possession of the boat from the Gravois Boat & Dry Dock Company, a corporation, and Herschel Bates and T. C. Petchell and associates, and delivered the boat to an authorized representative of plaintiff. The suit was returnable to the September, 1942, Term of the Circuit Court of Morgan County, which met on the 14th day of September.

At that time no service of process of any kind had been made on defendant Herschel Bates, the owner of the boat; but on that day, one O. L. Cook, Matt Cook and Caroline Cook appeared in court, stating that they were the last board of directors of the Gravois Boat & Dry Dock Company, a defunct corporation, and came also T. C. Petchell, and asked leave of court to enter their voluntary appearance as defendants and for permission to plead, which was granted by the court. Thereupon, T. C. Petchell, in his individual capacity, and O. L., Matt, and Caroline Cook, as the last Board of Directors of Gravois Boat & Dry Dock Company, a defunct corporation, filed their joint answer and counterclaim. The answer consisted of a general denial of all matters in plaintiff's petition. The counterclaim alleged that such defendants were the special owners of and entitled to the possession of one Model 30 Gray Marine Motor, Serial No. 2007-A, under and by virtue of a chattel mortgage executed by Herschel Bates on April 10, 1942, to secure the payment of a note in the sum of $816, now past due, which said engine had been taken from the possession of

these defendants by the sheriff of Morgan County under writ of replevin issued in this cause and delivered to and now held by plaintiff. That the value of these defendants' interest in said motor is the sum of $600. That defendant Herschel Bates had contracted with these defendants for storage of said boat at the rate of $15 per month for six months and $10 per month during the balance of the year, and that the amount of storage thereon was $190; that these answering defendants, at the special instance and request of Bates, the owner of the boat, had done work and labor and furnished parts in the repair of said boat, prior to the date of plaintiff's alleged chattel mortgage, and that they had a lien on such boat for such labor and repairs in the total sum of $150; that the total value of the interest of these defendants in and to said property taken by the sheriff under the writ of replevin was $940, and they concluded the counterclaim with this prayer:

"Wherefore these defendants pray judgment of the Court against plaintiff and against their co-defendant, Herschel Bates, fixing the value and amount of plaintiff's interest and lien at the sum of Nine Hundred Forty Dollars ($940) declaring the same to be a superior right to any right claimed by plaintiff, for judgment against Herschel Bates for $940, ordering the immediate delivery of the said property to these answering defendants; for foreclosure of their lien and sale of said property to satisfy the same, and for any and all other relief to which they may be entitled in the premises."

After the filing of the above answer and counterclaim the case was called and Mr. Logan Marr, an attorney of Versailles, appeared as counsel for plaintiff and advised the court that a Mr. Axtell, an attorney of Kansas City, Missouri, had filed the replevin suit, was the principal attorney in the case and had called him on Saturday night prior, asked that he become associated with him in the case and that he, Axtell, was leaving on his vacation and requested Mr. Marr to have the cause continued, to which these answering defendants objected. After some discussion, the court set the matter for trial on the following Friday, September 18th, at which time the plaintiff filed an application for change of venue because of the bias and prejudice of the judge, which was overruled, and the cause was ordered to trial on September 18th, at which time the defendants who had joined in an answer and counterclaim, dismissed their counterclaim as to their co-defendant Bates, and plaintiff not being in court, his attorney, Mr. Marr, declined to proceed or take any part in said trial, and the answering defendants waived a jury and submitted the cause to the court sitting as a jury. The court entered judgment, finding in substance that defendants O. L. (T.) Cook, Matt Cook and Caroline Cook are the last Board of Directors of Gravois Boat & Dry Dock Company, a defunct corporation, and that they are continuing the business of said corporation, as trustees, for the benefit of

the stockholders and creditors of said company; that defendant T. C. Petchell, together with said trustees, on the date of the filing of the original petition herein, to-wit: July 24, 1942, and at all times since that date, have been and are now the special owners of the property mentioned in said petition and seized by the sheriff under the writ of replevin (describing the cabin cruiser); that the reasonable value of the interest of the defendants in said personal property amounts to the sum of $940; that the said property has been wrongfully seized on behalf of the plaintiff, by the writ herein, and that defendants hereinabove named are entitled to the return thereof, and that as against these answering defendants the plaintiff should take nothing by his petition and that judgment as to these defendants should be against the plaintiff. ''Wherefore, it is by the court considered, ordered and adjudged that the plaintiff take nothing by reason of his action as against these answering defendants, and it is further ordered and adjudged that the defendant T. C. Petchell, as an individual, and O. L. (T.) Cook, Matt Cook and Caroline Cook as last Board of Directors and trustees of Gravois Boat and Dry Dock Company, do have and recover of and from the plaintiff William H. McCreary and his surety, National Surety Company, the return of the property so taken (describing same), or that said plaintiff and said surety at the election of said defendants, pay to them the assessed value of their said interest of said property to-wit: the sum of $940 at the election of the defendants and that defendants have and recover their costs.''

In due time the plaintiff filed motion for new trial assigning but three grounds, as follows:

''1.—That it was error for the Court to proceed to trial, when the defendant Herschel Bates was a party defendant to the suit and he was never served with the process of this Court; and it was error for the Court to proceed without having Herschel Bates in Court.

''2.—The Court erred in overruling the application for a change of venue on the grounds that the circuit judge was biased and prejudiced against the plaintiff so that the plaintiff could not have a fair trial in the court of the said Judge Sam C. Blair, at Versailles, Missouri and that the Court erred and abused his discretion in overruling said application, disqualifying the said circuit judge.

''3.—That the verdict of the Court in this cause is against the law of the case, and this State.''

The motion was overruled and appeal perfected to this court.

There are fourteen assignments of error but they are condensed into eight propositions under points and authorities. Under our view of the matter, only the first assignment need be considered.

The first contention is that the defendant, Herschel Bates, the owner of the replevied property, not having been served with process of any kind and not being in court, the case was not triable at the

September, 1942, Term. The burden of the argument is that the court was without authority to try the case unless defendant Bates had been served with process in proper time or unless plaintiff dismissed as to such defendant, which was not done. The defendants (respondents) contend that under Section 1102, Revised Statutes 1939, the court had the right to exercise its discretion in granting a separate trial to them on the issue of their prior claim as against that of the plaintiff. Even if the court was authorized to grant a separate hearing to respondents under said section, which we do not decide, nevertheless this judgment could not stand because the section itself specifically provides that ''the judgment upon each separate finding shall await the trial of all the issues.'' The courts have uniformly held that there can be but one final judgment even though separate hearings are granted on different issues. [Courtney v. Blackwell, 150 Mo. 245; Mann v. Doerr, 222 Mo. 1.]

Under the pleadings in this case, there is another serious question which we shall discuss. When Bates, the owner of the property replevied and in dispute, was not served with any process and the court had no jurisdiction of him, could the court, under such circumstances, try the issues as made? Neither the plaintiff nor these defendants claim title to the boat, but both were asserting a special interest in it as the result of certain debts, liens and chattel mortgages. In other words, was Bates a necessary party to the proceedings before a trial could be had and a final judgment rendered? When the issues made by the pleadings are considered, we think the question answers itself. By his petition plaintiff sought to recover possession of the property and if that could not be delivered, then he sought a judgment against Bates for the sum of $700 with interest. These answering defendants, by their counterclaim, sought judgment against plaintiff and Bates, fixing the value and amount at the sum of $940, for the various items due them as above stated, and that the court declare their lien or right for that amount superior to any right or lien claimed by the plaintiff, and for an order authorizing foreclosure of their lien and sale of said property to satisfy the same. The primary and fundamental issue made by the petition and the counterclaim was whether Bates was indebted to the plaintiff and answering defendants, and if so, for what amount and whether such debt constituted a lien on the property seized in replevin. That issue could not be tried and judgment rendered until the court had jurisdiction of Bates by service of proper process. These answering defendants could not have their debt declared as a prior lien to plaintiff's until they had established their right to a judgment on the debt and that the same was a lien on this property. That could only be done when Bates was properly in court. Nevertheless, by its judgment the court found that these defendants ''are the special owners of the property mentioned in said petition  .  :  . ; and that the reasonable value of the interest

of the defendants in said personal property amounts to the sum of $940.'' How could any such finding be made and judgment rendered when the debtor and owner of the property was not in court under process?

We conclude that the court had no authority to render the judgment which was entered in this case and for the reasons herein assigned, it should be set aside. Other questions urged need not be discussed because they will not arise on a retrial.

It follows that the cause must be reversed and remanded for further proceedings in accordance herewith. It is so ordered. All concur.