188 So.2d 279

Vester Blair RABREN et al.

v.

ANDALUSIA LUMBER AND SUPPLY COMPANY et al.

4 Div. 188.

Supreme Court of Alabama.

June 16, 1966.

F. B. McGill, Andalusia, for appellants.

Griffin Sikes, Andalusia, for appellee Andalusia Manufacturing Co.

GOODWYN, Justice.

This is a declaratory judgment proceeding filed by appellants (the Rabrens), in equity on March 20, 1963, seeking a determination of the validity of several claimed liens for labor and materials furnished their contractor in building a house for them on their land; that such claimed liens are not clouds or encumbrances on their house, land or property; and that complainants are "not liable to pay" said liens "from any funds or property in their possession or that may come into their possession," unless the several liens extend to respondents' "pro rata share of any unpaid balance due contractor." Similar relief is sought with respect to a garnishment proceeding brought by one of the respondents, which the bill seeks to have transferred to equity.

The following were made respondents to the bill, viz.: Andalusia Lumber and Supply Company, Andalusia Manufacturing Company, G. L. McNeill, doing business as McNeill Concrete Works (referred to herein as McNeill), and Owen Prestwood and Garland McKathan, individually and as partners doing business as Standard

Tile Company, a partnership (referred to herein as Standard Tile), and Marvin Lindsey.

After an oral hearing, a decree was rendered dismissing the bill because of the absence of a justiciable controversy and further ordering the retransfer to the law side of the garnishment proceeding. This appeal is from that decree.

Our conclusion is that the decree is due to be reversed.

On April 27, 1962, Lindsey contracted with the Rabrens to build them a house on their land for $10,795. While a substantial part (some $7800) of the contract price remained unpaid, Andalusia Lumber obtained a judgment against Lindsey for $3,698.01, plus costs, on June 22, 1962, and caused a writ of garnishment to be issued to the Rabrens, as garnishees, on July 25, 1962. On March 20, 1963, the Rabrens answered the writ and moved for transfer of the garnishment proceeding to the equity side of the court. The motion alleged the pendency of the declaratory judgment proceeding and the filing by the other respondents (except Andalusia Lumber and Lindsey) in the probate office of claimed liens for labor and materials furnished in building the house. Standard Tile's lien claim for $683.70, with interest from September 20, 1962, was filed on November 15, 1962; that of Andalusia Manufacturing for $8,866.62, with interest from September 8, 1962, was filed on January 7, 1963; and that of McNeill for $307.60, with interest from August 20, 1962, was filed on January 17, 1963. The motion was granted, with the decree also providing that, upon transfer to equity, the garnishment proceeding would be combined with the declaratory judgment proceeding filed by the Rabrens.

It is apparent that the claimed liens, including the amount sought by garnishment, total considerably more than the amount remaining unpaid to Lindsey. The obvious purpose of the bill is to have determined, in a single proceeding, what rights, if any, the several claimants have in the unpaid balance due Lindsey, the apportionment of such balance among those establishing their claims, the adjustment of priorities between conflicting liens, and the removal of the claimed liens as clouds on the Rabrens' title to the land; the parties being before the court. These issues presented a justiciable controversy which should have been determined. See: East Gadsden Bank v. Bagwell, 273 Ala. 441, 444, 143 So.2d 438, 440.

"Apart from the declaratory judgment feature, equity courts have general jurisdiction to adjust priorities among conflicting liens when the parties are before the court. Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591, 102 A.L.R. 346; Arbuthnot v. Thatcher, 237 Ala. 593, 188 So. 245." East Gadsden Bank v. Bagwell, supra.

See, also: Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826; Leftwich Lumber Co. v. Florence Mutual Building, Loan and Savings Association, 104 Ala. 584, 18 So. 48.

The reversal of the decree has the effect of retransferring the garnishment proceeding to equity where it will have the same status as it had prior to rendition of the decree.

Reversed and remanded.

LIVINGSTON, C. J. and MERRILL and HARWOOD, JJ., concur.