**Vera Bergman, Plaintiff-Appellant, v. Charles Hedges, Defendant-Appellee.**

**Gen. No. 53,435.**

First District, First Division.

June 6, 1969.

Paul I. Fleming and Paul R. Stansell, of Chicago, for appellant.

Theodore R. Postel and Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Donald J. Duffy, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action arising out of an automobile collision. A jury returned a verdict for the defendant on which the court entered judgment. Plaintiff appeals from the denial of her motion for judgment notwithstanding the verdict or for a new trial.

The issues presented for review are: (a) whether or not the court erred in allowing counsel for plaintiff to withdraw; (b) whether or not the court abused its discretion by assigning the matter for trial; and (c) whether or not the jury's verdict was against a clear preponderance of the evidence.

On March 4, 1960, at about 8:00 a. m., plaintiff was operating an automobile in an easterly direction on Dempster Avenue. Defendant was driving in the same lane and behind her. A car in front of plaintiff stopped suddenly. Plaintiff applied her brakes but hit a patch of ice, turned 180° and came to a stop in the same lane in which she had been traveling but facing the opposite direction. Defendant attempted to stop by applying his brakes but slid on the ice and the front of his car collided with the front of plaintiff's car. Plaintiff suffered head and neck injuries.

Plaintiff's suit was filed on February 27, 1962. On December 6, 1967, when, as plaintiff asserts, trial was imminent, and over "plaintiff's objection," the trial court permitted plaintiff's attorney to withdraw from the case and gave plaintiff thirty days to obtain new counsel. On December 28, 1967, Theodore R. Postel entered his appearance for plaintiff. At that time the trial court denied the request of plaintiff's counsel to set the matter for trial in May 1968 and placed the matter "below the black line for trial call on the 2nd day of February 1968." The trial began on February 15, 1968, and the jury returned a verdict in favor of defendant.

Considered first is plaintiff's contention that it was error for the trial court to permit the withdrawal of counsel for plaintiff without proper notice and when trial was imminent. Plaintiff states that the attorney had filed plaintiff's action in 1962, and he had conducted all of the discovery proceedings. Plaintiff argues that the "allowance of withdrawal was prejudicial to the substantial rights of the Plaintiff, in that it required her to find a new attorney, on short notice, who would necessarily be totally unfamiliar with the case, would have only such discovery as the withdrawn attorney had accomplished, and would be precluded from doing further discovery by the imminence of the trial." Plaintiff further asserts that

■■■■■■■■

the withdrawal was in violation of Rule 1.4(B) and Rule 2.1(D) of the Rules of the Circuit Court of Cook County.

■■ We think the guidelines to be used here on the question of withdrawal of counsel are set forth in Wainwright v. McDonough, 290 Ill App 50, 52, 7 NE2d 915 (1937):

> "No attorney or solicitor can withdraw his name, after he has once entered it on the record, without leave of the court. . . . The relation of attorney and client is one which either party may terminate prior to the conclusion of the litigation, but an attorney cannot alone and of himself terminate the relation, to his client's injury, and without the client's consent, except upon giving to the client a reasonable notice in order that the latter may be afforded an opportunity to procure other counsel. . . . While the relationship may be terminated as between the attorney and client, yet an attorney seeking to withdraw as an attorney of record should make known to the court, and by proper application thereto, have the relation formally terminated. . . .

> "Whether the notice of withdrawal given by the attorney to his client is reasonable is to be determined from the circumstances in the particular case."

■ The question here as to whether the notice of withdrawal given to plaintiff was improper or violated the rules of the Circuit Court was primarily for the determination of the trial court with the use of sound discretion. The notice was sufficient to cause plaintiff to appear in court at the hearing, where she objected to the withdrawal. Plaintiff was then given thirty days to obtain new counsel, which was accomplished within twenty-two days. Considering the sequence of events, we conclude that it was not an abuse of discretion and not error

38

for the trial court to permit plaintiff's original counsel to withdraw on December 6, 1967. See, also, People v. Wolff, 19 Ill2d 318, 322, 167 NE2d 197 (1960).

Plaintiff further contends that the failure of the court to allow substituted counsel adequate time to prepare resulted in a number of serious and prejudicial errors made in the presentation of plaintiff's case. Plaintiff maintains (1) that the language of the opening statements and the closing argument given in her behalf by her attorney were highly inconsistent with plaintiff's trial testimony and theory of the case; (2) no objections were made by plaintiff's counsel to medical testimony which was not material to the issue of damages; and (3) during the course of the trial plaintiff's counsel abandoned plaintiff's theory of the case, which enabled defendant's attorney to state in his closing argument: "It seems to me that the Plaintiff has completely abandoned her own version of how this accident happened."

Defendant states that when Mr. Postel entered his appearance on December 28, 1967, no petition was presented in support of his motion to set the trial in May 1968, so that the reasons for that request are not before this court. Defendant points out that the case did not go to trial until February 15, 1968, which was in effect a 6-week continuance, and that "Mr. Postel's conduct of the trial indicated that he was more than sufficiently prepared," and "any apparent inconsistency or abandonment of plaintiff's theory of the case came about as a result of the incredibility of the plaintiff's testimony, especially in view of the testimony of an eyewitness called by the defendant, whose statement had been produced pursuant to Mr. Postel's request on December 28, 1967."

After examining the report of proceedings in the light of plaintiff's contentions, we find that the record does not demonstrate that plaintiff's new counsel was incompetent or not prepared. If there were any errors of judgment or strategy, they did not constitute such in-

competency of counsel which would warrant reversal. In People v. Washington, 41 Ill2d 16, 21, 241 NE2d 425 (1968), it is said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

Next considered is plaintiff's contention that "the jury's verdict was against a clear preponderance of the evidence." This contention is based primarily on the issue as to the distance between the two vehicles immediately prior to the collision. The plaintiff testified that when her car came to a full stop, the defendant's vehicle was not even in sight. Defendant testified that he was traveling 35 to 40 miles an hour, about four or five-car lengths behind the plaintiff, and when he attempted to stop he started to skid and hit plaintiff's car at about 20 miles per hour. Prior to the collision he was unaware that there was ice on the road, and he became aware of it when he tried to stop. An occurrence witness, who testified on behalf of defendant, said: "All I saw was the car in the center lane hit the icy patch, and whoever the driver was put the brakes on and spun around . . . and came back into the eastbound traffic lane, and the car that was behind it just came up and hit it." He testified that the car which spun around was approximately alongside of him, and defendant's car "may have been a car length or so" behind the car which spun around. All three occurrence witnesses testified as to ice on the highway.

Defendant argues "that the jury could conclude that plaintiff herself failed to exercise ordinary care, as evidenced by the fact that she lost control of her car and turned it around, doing exactly the same thing she

40

claims the defendant was negligent in so doing. Alternatively, the jury could conclude that while plaintiff was not contributorily negligent in doing what she did, since the defendant did exactly the same thing, he was not negligent either. Still a third possibility exists, and that is that the jury concluded that the defendant acted with reasonable care in the face of an emergency situation which suddenly and without warning confronted him. Any of these conclusions would be amply supported by the evidence, and the opposite conclusion is not clearly evident, plain and indisputable."

■■■ In view of the conflict in the testimony as to the circumstances of the collision and the distance between the cars prior to the collision, we think this was a case for determination by a jury. The credibility of the witnesses and the weight to be given their testimony was a matter for the jury. This court cannot reverse the verdict of a jury on disputed factual testimony unless an opposite conclusion is clearly evident, plain and indisputable. "A court of review must take into consideration not only the verdict of the jury, but also the fact that the trial judge who saw and heard the witnesses and argument of plaintiff's attorney denied the plaintiff's posttrial motions." (Pozdro v. Dynowski, 83 Ill App2d 79, 226 NE2d 377 (1967).) We find that the verdict for the defendant was not against the manifest weight of the evidence.

For the reasons given, we conclude that the trial court properly denied plaintiff's post-trial motion for judgment notwithstanding the verdict or for a new trial, and the judgment is affirmed.

Judgment affirmed.

ADESKO, P. J. and BURMAN, J., concur.