THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, *v.* CASEY HORTON, Defendant—(CURTIS G. OLER, Appellant, *v.* JOHN CASEY, Appellee.)

(No. 11714; ▉▉▉▉▉▉▉▉▉

Fourth District—January 17, 1973.

Curtis G. Oler, *pro se.*

John J. Casey, *pro se.*

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Casey Horton was charged, in a two count indictment with violation of the Uniform Narcotic Drug Act. On April 15, 1971, the defendant was acquitted by verdict of the jury of the charges contained in one of the counts and on June 8, 1971, the other count was dismissed during a bench trial at the close of the Peoples' evidence. The defendant was represented on both occasions, by attorney John J. Casey. Defendant's bond had been fixed in the sum of $10,000 and he had posted a cash deposit of $1,000. Following his acquittal in the jury trial the bond continued in effect as to the other count of the indictment.

The parties to this appeal are attorney Curtis G. Oler, appellant and

attorney John J. Casey appellee, both of whom were privately retained to represent the defendant Horton and the issue here concerns which attorney is entitled to the cash bond deposit. The trial judge awarded it to the appellee Casey.

The appellant Oler was originally retained by Horton. The record shows that Oler appeared with defendant Horton on December 19, 1969, when defendant was arraigned; on February 10, 1970, when he moved for a continuance; on March 9, 1970, when he again moved for a continuance; on June 8, 1970, when the case was called for trial and he advised the Court that certain motions were undisposed of and the case was continued and a date fixed for hearing the motions; on June 10, 1970, when the motions were heard. The judge's docket entry of August 21, 1970, shows "* * * defendant has no attorney to represent him. His attorney, Mr. Oler, has moved from Springfield; Defendant admonished to retain attorney at once." The record does not show any appearance by Appellant Oler after June 10, 1970. The Court's docket entry made January 6, 1971, makes an order setting the case for trial and directs notice to the defendant and to "* * * John Casey, Attorney for the Defendant * * *", and as above indicated the defendant was in fact represented by Appellee Casey during the two ensuing trials.

The record further establishes that on June 8, 1970, Horton executed a Bail Bond Assignment which assigned to Attorney Oler all of his interest in the $1000 cash bail deposit as payment toward his attorney fees. The assignment was filed June 10, 1970. On March 15, 1971, Horton executed a second assignment which assigned to attorney Casey all of his interest in the same $1000 deposit as payment toward Casey's attorney fees. This latter assignment was filed March 17, 1971.

On June 25, 1971, the trial court, by docket entry, ordered as follows: "Leave granted J. Casey, who claims preference of said bond funds, to file a petition setting forth basis of claim. Rule on Curtis Oler, who further claims preference to answer within 15 days thereafter * * *. Notice by Clerk to Mr. Casey and Mr. Oler ordered". The trial judge, at this time assigned the issue to another judge for disposition. Following this docket order there were a series of motions and counter-motions, attorney Casey urging that prior to the assignment to him the trial judge had orally nullified the assignment to Oler and Oler denied that such an order existed. In any event, on July 21, 1971, the cause was continued to August 9, 1971, for the purpose of affording the parties an opportunity to present evidence.

On August 9th, hearing was had and the judge stated that Oler had been given notice of the hearing, and had informed the Court that he would not be present and the judge further observed that Oler "* * *

has made an appearance through correspondence, briefs and motions all in writing and mailed to the Court." At the hearing Horton was called as a witness and he testified as follows: That his arrangement with Oler for his representation on the two charges was for a fee of $1500. That he paid Oler $400 in cash and executed the bond assignment. That at a later date he received a call from Oler's secretary who asked him to come to Oler's office, which was at Fifteenth and Capitol in Springfield, Illinois, he did so and was told by the secretary that "Well, I got some papers I would like for you to sign. Mr. Oler will not be able to represent you, he has moved to California." Horton testified that in response he asked "Well, do this—do this release my bond money?" to which the secretary replied, "Yes, it do". Horton related that Oler's secretary then signed two pieces of paper "* * * so I signed both papers. She said that this relieved my bond money too and that's why I signed it over to Mr. Casey". Horton further testified that he never talked to Oler about this, only to his secretary, he never received his file back, that Oler did not appear with him in Court in Madison County (to which the cause had been transferred for trial) that Oler had not told him that he would not appear and that he was left there in Court by himself. That he had not given Oler permission to withdraw as his counsel. Attorney Casey stated to the Court that at the time of the hearing in regard to the "indigency hearing" (which apparently refers to defendant's appearance without counsel in the Circuit Court of Madison County on August 21, 1970) the trial judge stated that he no longer considered the assignment to Oler valid or in force and that he did not consider Horton to be indigent and directed him to procure counsel. That Horton then retained Casey and executed the second assignment. That before the commencement of the first trial on April 14, 1971, the trial judge, Judge Howard Lee White, made specific what he had done on the prior occasion and again stated that he was nullifying the assignment made to Oler.

At the conclusion of the August 9, 1971, hearing, the Court entered an order nullifying the assignment to Oler and finding that Casey was the assignee of the bond and directed payment of the bond deposit to Casey.

We have examined the various motions filed by appellant Oler in the trial court urging that he be awarded the funds in question. None of the motions are verified or supported by affidavit and it would serve no useful purpose to recite the voluminous charges, allegations and accusations set forth. We do note, however, that Oler stated in his motion filed July 19, 1971, that he represented Horton until October 1970, "at which time it became virtually impossible for counsel to continue said representation because of his cessation of residence in Springfield, Illinois, and

100

removal to San Francisco, California, more than 2000 miles away * * *." Oler argues that procedural due process was violated because he was given no notice and thus no opportunity to be heard at the time of the oral orders made by Judge White in relation to the nullification of the bond assignment and it is true that no notice was given to Oler. In our view, however, since he was given notice of the August 9, 1971, hearing and thus a full opportunity to be heard no due process problem remains. Appellant did not appear for oral argument in this Court. We are constrained to note, however, that the Statement of Facts and written argument contain many assertions which are entirely without support in the record.

We agree with appellant that the assignment to him of the bail bond proceeds was in exchange for a consideration. That consideration was appellant's agreement to represent the defendant through the conclusion of the legal proceedings initiated by the filing of the indictment. It is equally apparent from this record that appellant failed to perform all of the services which he was hired to do and that there was a failure of consideration on the part of Oler.

Both parties have cited various cases which bear on the problem of an attorney who withdraws from a case without his client's permission as the record demonstrates was done here. Some of those cases hold that an attorney who does so is entitled to no fee. (*Morgan v. Roberts*, 38 Ill. 65; *Cairo and St. Louis R.R. Co. v. Komer*, 3 Ill.App. 248.) and there is authority cited by appellee to the effect that an attorney cannot withdraw from a case after he enters his appearance without permission of the Court or his client. (*Bergman v. Hedges*, 111 Ill.App.2d 35, 249 N.E. 2d 666.) The appellant cites the cases which hold that an attorney may recover compensation for services rendered whether withdrawal or abandonment is for justifiable reason without fault on the part of the attorney. A representative sampling of the authorities cited on this point are as follows: *Sweeney v. Kerr*, 16 Ky. L.Rep. 33, 25 S.W. 273; *Clark v. Nichols*, 127 App. Div. 219, 111 N.Y. Supp. 66; *Campbell v. Goodman*, 23 Pa. Co. Ct. 609.

Chapter 38, par. 110-1(f), Ill. Rev. Stat. 1971, provides:

"When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited. However, in no event shall the amount retained by the clerk as bail bond costs be less than $5.

At the request of the defendant the court may order such 90%

of defendant's bail deposit, or whatever amount repayable to defendant from such deposit, to be paid to defendant's attorney of record."

This statute provides that the court's determination, as to whether the bail deposit should be paid to defendant's attorney of record, shall be made when the conditions of the bail bond have been performed and that the funds should be paid at the request of the defendant to his attorney of record. While Oler never formally withdrew from his representation, the record here conclusively establishes in our view, the fact that appellant did, in fact, abandon his client Horton, left him without legal representation, that this was done without notice to Horton and without Horton's consent. "What amounts to a withdrawal, abandonment, or failure to perform depends on the circumstances of each individual case". (7 Am.Jur.2d, Sec. 221, p. 175.) Horton's testimony that Oler's secretary advised him that Oler would no longer represent him and that the papers he signed constituted a release of the bond money stands uncontradicted in this record. Under these circumstances the finding of the trial court that at the time the conditions of the bond had been fulfilled, appellee Casey was defendant's attorney of record, within the meaning of the statute, is amply supported by the record. Even if, as Oler contends, he is entitled to compensation for the legal services performed by him prior to abandonment of his client (and this is a proposition with which we emphatically do not intend to indicate agreement), the record shows that he has already received $400 in cash and there is no showing in the record as to the reasonable value of the somewhat limited services which he did perform.

Under these circumstances the trial court's order nullifying the assignment to the appellant was fully warranted and is supported by the evidence.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.