518 P.2d 1210

**Barbara J. SANFORD, Plaintiff-Appellee,**

v.

**E. M. STOLL d/b/a Western States Collection Bureau and Auto Recovery Agency, Defendant-Appellant.**

**No. 1178.**

Court of Appeals of New Mexico.

Jan. 23, 1974.

Mary C. Walters, Albuquerque, for defendant-appellant.

Orville C. McCallister, McCallister, Messersmith & Wiseman, Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Plaintiff recovered judgment against defendant in the sum of $4,600 actual damages and $15,000 punitive damages in a claim filed for conversion of property and invasion of privacy. This claim arose out of defendant's repossession of plaintiff's automobile. Defendant appeals. We affirm.

Six points are raised for reversal: (1) absence of an indispensable party; (2) withdrawal of defendant's attorney; (3) error in giving instructions; (4) directed verdict and judgment n. o. v.; (5) trial court's order of remittitur; and (6) cumulative error.

(1) *The Bank was not an "indispensable party".*

On February 9, 1971, plaintiff sued defendant and Crocker-Citizens National Bank (Bank). Defendant filed a cross-claim against the Bank. The Bank's principal place of business was San Francisco, California.

Prior thereto, plaintiff purchased a motor vehicle under written contract from Stigall Motors, Inc. The contract was assigned to the Bank and it provided for payments by plaintiff to the Bank.

The Bank moved for dismissal under The National Banking Act. 12 U.S.C., § 94. The motion was sustained. The defendant then moved to dismiss the complaint for lack of an indispensable party, the Bank, and the motion was denied.

On January 29, 1971, the Bank authorized defendant to contact plaintiff "to collect current and charges or store." Pursuant thereto, defendant repossessed the plaintiff's automobile in the absence of judicial process.

Defendant contends that alleged prejudice to him, including the denial of defendant's right to a cross-claim resulting in the absence of the Bank, as well as the invitation to a multiplicity of suits, supports dismissal of plaintiff's claim for absence of the Bank as an "indispensable party." We disagree.

The defendant and the Bank were sued as joint tortfeasors. Section 24–1–11, N. M.S.A.1953 (Vol.5) reads:

For the purposes of this act the term "joint tortfeasors" means two [2] or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

Section 24–1–12(1), supra, reads:

The right of contribution exists among joint tortfeasors.

Section 24–1–16, supra, reads:

This act does not impair any right of indemnity under existing law.

Plaintiff could have sued defendant alone. This occurred when the Bank was dismissed out of the case. The defendant's right to sue the Bank for contribution and indemnity, in lieu of his cross-claim, is preserved.

"An indispensable party is one whose interests will necessarily be affected by a judgment in the particular case." Home Fire Insurance Company v. Schultz, 80 N.M. 517, 518, 458 P.2d 592, 593 (1969). The defendant's interests will not be affected by the judgment in this case because relief is retained by law. The Bank, not the defendant, could claim to be an indispensable party, but it declined to do so.

The Bank is not indispensable to a complete determination of the rights of plaintiff and defendant, and the Bank is not an indispensable party.

(2) *Defendant proceeded to trial voluntarily after withdrawal of his attorney.*

Defendant contends the trial court abused its discretion in allowing defendant's attorney to withdraw on the morning of trial requiring defendant to proceed with new and unprepared counsel. We disagree.

The record shows that defendant's attorney entered his appearance on February 16, 1971. The case was set for trial October 19, 1972, twenty months later. Just prior to commencement of trial, defendant appeared in court with his attorney and with an attending attorney. In open court, defendant's attorney stated:

I am filing, in open court, a motion to withdraw.

Prior to this withdrawal, discussions were held in the court's chambers but no record was made.

On April 18, 1973, six months after trial, the court prepared and filed a document entitled "Judge's Summary of Untranscribed Proceedings" (summary) which appears in the transcript. The following day, April 19, 1973, the Transcript of Record was filed in this court. The Notice of Appeal was filed November 18, 1972, five months before the summary was filed.

The summary is not before us for consideration because it was not made a part of the record by the Bill of Exceptions.

Defendant voluntarily proceeded to trial with counsel present. The record shows no ruling by the court which required the defendant to proceed with new and unprepared counsel. No issue of abuse of discretion arose.

(3) *Defendant did not object to any instructions given.*

Defendant claims the trial court erred in giving instructions on damages, punitive damages and waiver and estoppel.

No objection was made by defendant to these instructions. The claimed error is not preserved for review. Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362 (1961).

(4) *Defendant was not entitled to a directed verdict or judgment n. o. v.*

At the close of all the evidence, defendant moved for a directed verdict. The motion was denied. Thereafter, defendant moved for judgment n. o. v. This motion was denied.

Defendant's only argument on appeal arises out of the following instructions given the jury which defendant claims did not correctly state the law on the subject:

INSTRUCTION NO. 2. This is a proceeding for conversion and for damages. The plaintiff, Barbara Sanford claims that she sustained damages and that the proximate cause thereof was one or more of the following acts:

2. The defendant breached the peace when he entered upon plaintiff's property without consent to repossess the automobile.

INSTRUCTION NO. 4. You do not need to find an element of violence in the repossession of the automobile in order for the repossession to constitute a breach of the peace within the contemplation of the Uniform Commercial Code.

Defendant did not tender any instructions nor object to the instructions given. The above instructions became "the law of the case" on appeal and not vulnerable to attack. Montgomery Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399 (1970).

Defendant did not claim that the instructions were not factually supported.

Defendant was not entitled to a directed verdict or judgment n. o. v.

(5) *The trial court's Order of Remittitur is not subject to review.*

Judgment was entered September 10, 1972. On November 15, 1972, a motion for remittitur was filed by defendant without service thereof on the plaintiff. On No-

vember 28, 1972, Notice of Appeal was filed. No setting for hearing on the motion was obtained by defendant from the trial court until March 26, 1973. This was the first date on which plaintiff had notice of the motion for remittitur. On April 18, 1973, four months after the motion was filed, the trial court entered an Order of Remittitur. It ordered a remittitur of $10,000, and, upon failure to remit, defendant was entitled to a new trial. There was a failure to remit.

The defendant contends the trial court had jurisdiction to consider the motion of remittitur by defendant and enter the Order of Remittitur. The defendant relies on State v. Clemons, 83 N.M. 674, 496 P.2d 167 (Ct.App.1972) and State v. White, 71 N.M. 342, 378 P.2d 379 (1962). These cases hold that a trial court has jurisdiction " . . . for the purpose of passing upon motions pending when the appeal is taken." This jurisdiction exists where the motion is sustained and the court modifies the judgment. State v. White, supra. " . . . [T]he judgment is final until modified so as to affect a substantial right." Public Service Co. of N. M. v. First Judicial Dist. Court, 65 N.M. 185, 194, 334 P.2d 713, 719 (1959).

The Order of Remittitur, if subject to review, would have modified the judgment. However, there is a 30-day limitation upon the time in which the trial court can pass upon the motion. If it does not pass upon the motion within 30 days after the motion is filed, the motion is denied as a matter of law, whether it is a jury or non-jury case and this denial by operation of law is not subject to review. Montgomery Ward v. Larragoite, supra; Scott v. McWood Corporation, 82 N.M 776, 779, 487 P.2d 478 (1971).

The Order of Remittitur was entered four months after the motion had been filed. The motion for remittitur filed November 15, 1972, was denied by operation of law and could not, therefore, modify the judgment. The Order of Remittitur, not subject to review, denies the trial court jurisdiction to enter the order.

(6) *Claimed cumulative error did not deny defendant a fair trial.*

Defendant refers to the record in this case as a "comedy of errors" which requires reversal. In this case, "comedy" is "a dramatic representation of the lighter faults, passions, actions, and follies of" defendant. Defendant's attorneys on appeal were not defendant's trial attorneys.

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.