## Diantha P. BERRY

v.

## Frank G. BERRY.

Supreme Judicial Court of Maine.

July 11, 1978.

Carl O. Bradford, Freeport (orally), for plaintiff.

Frank G. Berry, pro se (orally).

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and NICHOLS, JJ.

---

ARCHIBALD, Justice.

■ When an inadequate record is presented to the Law Court to support an appeal, such appeal must fail. Such is the case here.

A District Court Judge, after hearing, granted plaintiff a divorce, and on July 29, 1977, the defendant seasonably appealed to the Superior Court where "[t]he appeal shall be on questions of law only and shall be determined by the Superior Court without jury . . . ." Rule 73(a), D.C.Civ.R. The appeal remained dormant until, on November 4, 1977, the plaintiff served defendant-appellant notice that her previously filed "Motion . . . to Dismiss Appeal of Defendant" would be heard on November 18, 1977, on which date a Superior Court Justice, noting that "Defendant failed to appear," granted the motion to dismiss with the further mandate required by Rule 73(a), D.C.Civ.R.: "Case remanded to District Court for entry of final judgment." It is from this Superior Court ruling that the defendant has appealed.

■ Appellant has not included in the record on appeal the plaintiff's motion to dismiss,[1] and, therefore, we do not know what specific allegations, if any, were contained therein. Neither is there any record of the hearing before the Superior Court Justice (if there was one). Likewise, the record is silent concerning the rationale of the Superior Court Justice by which he reached his decision. In short, the record furnishes us no basis for an effective review of the Superior Court's decision granting the plaintiff's motion to dismiss. It is an appellant's burden to support his appeal with a record sufficient in content to allow a fair consideration thereof.[2] *Maiorino v.*

---

1. The Superior Court docket indicates the filing of such a motion on "09–08–77."

2. The appellant appeared pro se. We learn from his brief, as well as from the limited record of the District Court included in the record on appeal, that appellant's main argument stems from the withdrawal of his counsel prior to hearing in the District Court. The docket of that Court contains this entry:

   "7/1977 Motion by [appellant's attorney] to withdraw as counsel for Defendant granted. /s/ [District Court Judge]."

The divorce decree was dated July 21, 1977. Rule 89(a) M.R.Civ.P., provides:

"An attorney may withdraw from a case in which he appears as sole counsel for his client, by serving notice of his withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is accompanied by notice of the appearance of other counsel, (2) there are no motions pending before the court, and (3) no trial date has been set. *Unless these conditions are met, the attorney may withdraw from the case only by leave of court.*" (emphasis supplied)

*Morris*, Me., 367 A.2d 1038, 1040 (1977). *See State v. Bellanceau*, Me., 367 A.2d 1034, 1037 (1977). The appellant here has failed to comply with this mandate.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY and GODFREY, JJ., did not participate.

The District Court record does include a written motion to withdraw signed by appellant's then counsel. Evidently the preconditions for voluntary withdrawal of counsel under Rule 89(a) were not met (since the motion does not so allege), but the attorney, on the face of the record, did obtain "leave of court" to do so. Whether this "leave" to withdraw was an abuse of judicial discretion by the District Court Judge we cannot tell from any record before us even though we acknowledge that withdrawal of counsel should be allowed only after a clear demonstration that such can be done without prejudice to the client. *See San-ford v. Stoll*, 86 N.M. 6, 8, 518 P.2d 1210, 1212 (1974); *Bergman v. Hedges*, 111 Ill.App.2d 35, 37, 249 N.E.2d 666, 668 (1969); *Gregoire v. National Bank of Alaska*, Alas., 413 P.2d 27, 39 (1966); *Stafford v. Dickison*, 46 Hawaii 52, 61, 374 P.2d 665, 671 (1962).