**POLK COUNTY BANK,**
**Plaintiff-Respondent,**

v.

**Ellis E. SPITZ and Elsie R.**
**Spitz, Defendants,**

**and**

**Bobby N. Graven, Defendant-Appellant.**

**No. 13576.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 1985.

Motion for Rehearing and Transfer to
Supreme Court Denied April 15, 1985.

Application to Transfer Denied
May 29, 1985.

Gary W. Lynch, Douglas, Douglas, Lynch & Ashlock, P.C., Bolivar, for plaintiff-respondent.

Harold F. Glass, Tom G. Pyle, Schroff, Glass & Newberry, P.C., Springfield, for defendant-appellant.

PREWITT, Chief Judge.

Plaintiff filed a three-count petition. Count I sought recovery against defendants Spitz on a promissory note. Count II was directed against all defendants and asked the court to declare that plaintiff's security interest in certain cattle was superior to a security interest in the cattle claimed by defendant Graven. Plaintiff's lien was acquired as security for the payment of the promissory note sued on in Count I. Count III claimed that plaintiff's security interest in the cattle was superior to the interest claimed by Graven and sought damages for his conversion of the cattle. No claim against defendants Spitz was made in this count.

Defendant Graven's security interest in the cattle was obtained to secure payment of a promissory note executed by defendants Spitz as part of a transaction in which defendant Graven sold the cattle to defendants Spitz. Graven seized the cattle pursuant to a writ of replevin issued after the Spitzes failed to make any payments on their promissory note to Graven.

The trial court entered judgment for plaintiff on Count I. On Count II it declared that plaintiff's security interest in the cattle was prior to defendant Graven's interest. On Count III the trial court found that defendant Graven converted the cattle and entered judgment against Graven for their value on the date of the conversion.

Appellant contends that the trial court erred in overruling his motion to dismiss for improper venue because he was a resident of Wright County. Defendants Spitz were residents of Polk County and respondent claims venue was proper under § 508.-010(2), RSMo 1978. It states: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county".

Respondent contends that venue was established by Count II and it could join with that count the conversion claim against appellant. It asserts that the declaratory relief sought in Count II was proper to determine the priority of the liens on the cattle and that all defendants were proper parties to that determination.

Appellant counters that "Count II was not sufficient to establish the venue because it was superfluous and did not state a separate cause of action against defendant Graven in view of the Count III claim against him for conversion." He alleges that priority of their liens had to be decided in Count III and as there was an adequate remedy at law the declaratory judgment action does not lie and venue cannot be predicated on it.

If a plaintiff improperly joins a defendant in an attempt to acquire venue, then venue is improper. *State ex rel. Coca Cola v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). Courts recognize pretensive

joinder where the pretensive nature of the joinder appears on the face of the pleadings and where there is no cause of action against the resident defendant. Id.

■ Where venue is questioned, the plaintiff carries the burden to show an honest belief that there is a justiciable claim against the resident party. *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644, 646 (Mo.App.1983); *Rakestraw v. Norris*, 478 S.W.2d 409, 414 (Mo.App. 1972).

■ If plaintiff had one cause of action against defendants Spitz and defendant Graven, then the residence of defendants Spitz made venue proper. See *Sperry Corp. v. Corcoran*, 657 S.W.2d 619, 621 (Mo. banc 1983). If plaintiff had only separate causes of action against the defendants Spitz and defendant Graven, then venue against defendant Graven is improper because the joinder of two or more separate causes of action in a single petition does not create venue as to both causes. Id. See also *State ex rel. Turnbough v. Gaertner*, 589 S.W.2d 290 (Mo. banc 1979).

The initial issue then, as framed by the parties, is whether under the facts stated in the petition, Count II stated a claim for which declaratory judgment relief could be granted.

■ Except in "exceptional circumstances plainly appearing", the Declaratory Judgment Act, § 527.010 et seq. RSMo 1978, is not to be used when an adequate remedy already exists. *Harris v. State Bank and Trust Co. of Wellston*, 484 S.W.2d 177, 178–179 (Mo.1972); *Love Mortg. Properties, Inc. v. Horen*, 639 S.W.2d 839, 841 (Mo.App.1982).

■ An adequate remedy includes that the plaintiff could assert the issues sought to be declared as a defense in an action brought by defendant. See *Glueck Realty Company v. City of St. Louis*, 318 S.W.2d 206, 211 (Mo.1958); *State Farm Fire & Casualty Company v. Powell*, 529 S.W.2d 666, 669 (Mo.App.1975).

■ A judgment sought under the Declaratory Judgment Act must be one which will declare a fixed legal right and accomplish a useful purpose. *Hardware Center, Inc. v. Parkedge Corp.*, 618 S.W.2d 689, 692 (Mo.App.1981). "[A]nyone may obtain such relief in any instance in which it will terminate a controversy or remove an uncertainty." Rule 87.02(d).

■ A request for a declaratory judgment can be appropriate to determine priority of liens. See *Rabren v. Andalusia Lumber and Supply Co.*, 279 Ala. 551, 188 So.2d 279 (1966); *James v. Golson*, 92 So.2d 180 (Fla.1957); *Continental Oil Co. v. Sutton*, 126 Ga.App. 78, 189 S.E.2d 925 (1972); 22 Am.Jur.2d, Declaratory Judgment, § 64, p. 925. Quoting from Rule 87.04, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration", respondent contends "that the owners of the property would have an interest which would be affected by the declaration of the priorities of the liens".

*Citing City of Creve Coeur v. Creve Coeur Fire Protection Dist.*; 355 S.W.2d 857, 859 (Mo.1962), *C.S. v. J.W.*, 514 S.W.2d 848, 853, n. 1 (Mo.App.1974), and *Ward Parkway Shops, Inc. v. C.S.W. Consultants, Inc.*, 542 S.W.2d 308 (Mo.App.1976), respondent suggests a petition seeking a declaratory relief may also seek additional relief, including damages, if properly stated in separate counts. Those cases so state, but we do not find them controlling.

There are instances where it is desirable that the relationship of the parties be established because there may be a continuing relationship or future acts which depend on the outcome. See 22 Am.Jur.2d, Declaratory Judgments, § 14, p. 855. Whether the damages sought are granted, it is expedient to establish certain legal rights of the parties. In such cases it may be correct to determine those rights because proper relief involves more than just the money damages sought. We believe that is why a declaratory judgment request can be joined with a claim for money damages, but those reasons are not present here.

■ Respondent alleged in Count III that appellant converted the cattle and

sought money damages. The priority of their liens necessarily had to be determined in respondent's favor in the conversion action if it was going to prevail there. If respondent did prevail, the dispute between them could have ended.

However, respondent asserts that it could have been unsuccessful in its conversion count if the trial court found that respondent had not made a proper demand for the cattle or that appellant did not have possession of the cattle, but that priority of the liens could still have been properly determined. No reason is suggested by plaintiff why it was necessary to bind defendants Spitz to the priority determination. There might be situations where that would be important, but respondent does not explain why it would be here. Had respondent lost the conversion action and if it still had a claim for relief against Graven, then whatever remedy it had could have then been instituted. An adequate remedy would exist by that action.

Relying on *McCreary v. Bates*, 238 Mo. App. 30, 176 S.W.2d 298 (1943), a replevin action, respondent states that as the owners of the cattle, defendants Spitz were necessary parties in its dispute with defendant Graven. We question the soundness of some of the comments made in *McCreary* regarding the owner being a necessary party. Cf. *First National Bank v. Trimco Metal Products*, 429 S.W.2d 276, 277 (Mo.1968). See also *Phillips v. Ockel*, 609 S.W.2d 228, 231–232 (Mo.App.1980) (replevin tests right to possession; a third party's interest does not preclude replevin); *Taylor v. McNeal*, 523 S.W.2d 148, 150 (Mo.App.1975) (replevin determines possession, not title). However, even if *McCreary* is correct under its facts, those facts make its holding inapplicable here. Nothing in the record indicates that the dispute between respondent and appellant affected the Spitzes as did the claims in *McCreary*. Possession of the property was not sought here, only money damages.

■ It was not necessary for respondent to join defendants Spitz in order to sue appellant for conversion. A secured creditor does not have to proceed against the debtor before suing a converter nor make the owner a party to the suit for conversion. *United States v. Pete Brown Enterprises*, 328 F.Supp. 600, 605 (N.D. Miss.1971); *Howard v. First National Bank*, 44 Kan. 549, 24 P. 983 (1890); cf. *Welke v. City of Davenport*, 309 N.W.2d 450, 452 (Iowa 1981); *Sanford v. Stoll*, 86 N.M. 6, 518 P.2d 1210, 1212 (1974); 18 Am.Jur.2d, Conversion, § 59, p. 194, § 140, p. 243.

Respondent did not sustain its burden of showing a justifiable reason for joining defendants Spitz in its dispute with appellant. Having failed to so show venue against appellant was improper.

The portion of the judgment determining Count I of the petition is affirmed. The portion of the judgment determining Counts II and III of the petition are reversed. The cause is remanded to the trial court with directions to dismiss Counts II and III, both dismissals to be without prejudice.

HOGAN, P.J., and MAUS and CROW, JJ., concur.