Henry JACOBSON

v.

STATE of Maine acting By and Through the STATE HIGHWAY COMMISSION.

Archie CURCIONE and Gloria Curcione

v.

David H. STEVENS et al.

Supreme Judicial Court of Maine.

Nov. 12, 1975.

Daviau & Daviau, by Jerome G. Daviau, Robert J. Daviau, Waterville, for plaintiff.

Locke, Campbell & Chapman, by Joseph B. Campbell, Augusta, John P. Jabar, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

This case is before us on an appeal from an order of the presiding Justice of the Superior Court (Kennebec County) denying Archie and Gloria Curcione, intervenors-appellants, relief under M.R.Civ.P. 60(b) from a final judgment entered against them pursuant to M.R.Civ.P. 41(b)(1) for a failure to prosecute for more than two years. We find no merit in the appeal.

The provenience of this dispute may be traced to April 21, 1965, when Henry Jacobson filed an appeal from an award of the Land Damage Board in the Superior Court.[1] On July 12, 1965, Archie and Gloria Curcione, as lessees of the plaintiff,

---

1. For a detailed account of the proceedings, see *Jacobson v. State of Maine Acting By and* *Through the State Highway Commission*, Me., 244 A.2d 419 (1968).

intervened in the appeal. On October 29, 1965, the intervenors filed a complaint seeking damages in tort from the City of Waterville, David Stevens, Chairman of the Maine State Highway Commission, and Vaughn Daggett, the Commission's Engineer, alleging that the City and the other two named defendants had created a nuisance in their reconstruction of the property which had been subject to the taking. The City and Stevens are here now as appellees.

The Jacobson-State of Maine controversy was settled by the parties without trial on April 26, 1971, leaving the intervenors' nuisance action as the only remaining issue to be resolved. The intervenors moved for summary judgment, and their motion was denied by the court on January 4, 1972.

The next docket entry in this protracted litigation did not occur until May 7, 1974, at which time the court directed a 41(b)(1)[2] M.R.Civ.P. dismissal. Such a dismissal operates as a judgment on the merits. M.R.Civ.P. 41(b)(3). The clerk of the court had seasonably notified the attorneys-of-record that the case was vulnerable to dismissal under Rule 41(b)(1), and no action was taken by any of the parties or their counsel in response to the notice of vulnerability.

Thereupon the intervenors moved for relief from the judgment pursuant to M.R. Civ.P. 60(b)(1).[3] The Superior Court conducted a hearing at which intervenors' counsel testified in behalf of the motion. An order was entered which concluded, "The court finds as a fact that there was no evidence to support this Motion and

therefore it is ORDERED that this Motion is hereby DENIED."

Insofar as a motion for relief under Rule 60(b) is addressed to the discretion of the presiding Justice, the scope of our review is limited to the inquiry of whether the presiding Justice abused his discretion in granting or denying the motion. *Willette v. Umhoeffer,* Me., 245 A. 2d 540, 542 (1968); *Northland Industries, Inc. v. Kennebec Mills Corporation,* 161 Me. 455, 459, 215 A.2d 100, 102 (1965). In his order denying the intervenors' Rule 60(b) motion, the presiding Justice found as a fact that there was no evidence to support the motion. M.R.Civ.P. 52(a) cautions us, in pertinent part, that "Findings of fact shall not be set aside unless clearly erroneous . . . ."

The record contains no account of the hearing on the Rule 60(b) motion. In the absence of a stenographic record of a proceeding, our rules permit the appellant to prepare a "statement" of the proceeding from the best available means. After approval by the appellee, and settlement and approval by the trial court, this statement may then be included in the record on appeal. M.R.Civ.P. 74(n). The intervenors have failed to utilize this procedure, and we are consequently left with a record which lacks the information necessary for appellate review. Since the record affords us no opportunity to examine the presiding Justice's ruling on the intervenors' Rule 60(b) motion, the question of whether that ruling constituted an abuse of discretion is not properly before us on appeal. See *Patterson v. Rossignol,* Me., 245 A.2d 852,

2. M.R.Civ.P. 41(b)(1):
   The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance.

   M.R.Civ.P. 41(c):

   The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim.

3. M.R.Civ.P. 60(b) (in pertinent part):
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .

854–55 (1968). This being the case, we hold that the presiding Justice correctly denied the intervenors' motion for relief from the judgment under Rule 60(b).

The entry must be:

Appeal denied.

All Justices concurring.