Francis **MAIORINO** and Annette **Maiorino**

v.

Francis **MORRIS.**

Supreme Judicial Court of Maine.

Jan. 11, 1977.

Platz & Thompson by Pasquale F. Maiorino, Lewiston, for plaintiffs.

Matthew S. Goldfarb, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This case is an appeal from an order of the Superior Court denying the defendant's motion for relief from judgment under Rule 60(b), M.R.C.P.[1]

We deny the appeal.

We learn from the complaint that on August 29, 1973, the plaintiffs purchased a home from the defendant and subsequently discovered several defects therein which violated certain warranties allegedly made by the defendant. After service of the complaint the defendant filed no answer as required by Rule 12(a), M.R.C.P., nor did he cause an appearance to be entered.[2]

On July 24, 1974, plaintiffs notified defendant that they would seek a default judgment if, within twenty days, an answer to their complaint was not filed and, on August 20, 1974, on application to the clerk, the defendant was defaulted for failure to answer. Rule 55(a), M.R.C.P. Since the plaintiffs' claim was not for a "sum certain," on October 14, 1974, the plaintiffs applied to the Court, in accordance with Rule 55(b)(2), for a default judgment which the Court ordered entered against the defendant in the amount of $1,350.00. Nearly three months thereafter the defendant moved, pursuant to Rule 60(b), M.R.C.P., to vacate the default judgment. The presiding Justice conducted a hearing on defendant's motion and, without making any findings of fact, denied it.[3]

■ It is well settled that the decision to grant or deny relief under Rule 60(b) is discretionary with the presiding Justice, and we will not disturb his determination absent a showing of an abuse of that discretion. *See, e. g., Jacobson v. State, acting By and Through the State Highway Commission,* 347 A.2d 426, 427 (Me.1975); *Willette v. Umhoeffer,* 245 A.2d 540, 542 (Me.1968). *See generally* Field, McKusick

---

\* Mr. Justice WEATHERBEE sat at argument and participated in consultation but died prior to preparation of opinion.

1. That portion of Rule 60(b), M.R.C.P., pertinent to this appeal provides:
   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment."

2. An answer should have been filed by February 20, 1974, twenty days after service of the summons and complaint.

3. The defendant filed an affidavit in support of his motion asserting that he had repaired the major defects of which he had knowledge. He disclaimed any responsibility for the items on which the judgment was based, namely, $650.00 for replacing steps, repairing a crack in the cellar wall, repairing a cupboard and $700.00 for "construction of a new lawn." He argued that the complaint did not seek damages for these items but, to the extent that it did, he had repaired the defects.
   It is true that the complaint did specify certain specific alleged breaches "among other things" but was "not limited to" those specifics. Total damages claimed was $5,000.00.

& Wroth, 2 Maine Civil Practice, § 60.1 at 71.

■ A stenographic record was made of the hearing on defendant's Rule 60(b) motion. However, a transcript of that hearing was not included in the record on appeal to this Court. We stated in *Jacobson v. State Highway Commission,* 347 A.2d at 427, that

> "[s]ince the record affords us no opportunity to examine the presiding Justice's ruling on the . . . Rule 60(b) motion, the question of whether that ruling constituted an abuse of discretion is not properly before us on appeal."

Even if counsel did not desire to furnish the stenographic record, as we pointed out in *Patterson v. Rossignol,* 245 A.2d 852, 854–55 (Me.1968), appellant could have submitted a record approved by the Justice below in accordance with Rule 74(n), M. R.C.P.

Without any record of the proceedings below, we are in no position to determine whether the presiding Justice acted erroneously in denying defendant's Rule 60(b) motion. Neither defendant's Rule 60(b) motion, nor the attached affidavits, when read in conjunction with the complaint, facially demonstrate an abuse of discretion.

The entry is:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.