**CONSTRUCTION PRODUCTS CO., INC.**

v.

**W. D. MATTHEWS MACHINERY CO.**

Supreme Judicial Court of Maine.

July 26, 1978.

Irving Friedman, Lewiston (orally), for plaintiff.

Linnell, Choate & Webber by G. Curtis Webber, Auburn (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Plaintiff has appealed from a Superior Court denial of its "Motion under Rule 60(b) for Relief from Dismissal under Rule 41(b)." We deny the appeal.

Plaintiff instituted a complaint against the defendant in the District Court on January 14, 1974, seeking to recover $4,549.00 for the sale of a "stainless steel spiral chute." The defendant seasonably removed the case to the Superior Court, Androscoggin County. Rule 73(b), D.C.Civ.R. Within the time allowed for responding, the defendant filed its answer asserting both an affirmative defense and a general denial and also filed a counterclaim seeking damages for the negligent design and construction of the product sold. On *February 11, 1974,* the plaintiff filed its reply to the counterclaim. The docket reflects no further action until *March 5, 1976,* when plain-

tiff filed a motion for continuance, which was denied on March 29, 1976, and the case ordered "dismissed under Rule 41B [41(b)]."

The record contains the following notice relating to the "March Session 1976" of the Androscoggin Superior Court, concerning this case, among others listed thereon:

"THE FOLLOWING CASES WILL BE VULNERABLE UNDER RULE 41(B)[41(b)] AT THE MARCH SESSION AND WILL BE DISMISSED ON THE DOCKET MARCH 8, 1976, UNLESS PRIOR THERETO THERE IS PRESENTED TO THE COURT A MOTION IN WRITING ASKING THAT THE CASE REMAIN ON THE DOCKET: COUNSEL SHALL SET FORTH ANY CLAIMED 'GOOD CAUSE'."

The motion[1] under Rule 60(b), M.R.Civ.P.,[2] was filed April 20, 1976 and, after hearing, was denied on June 14, 1976. The plaintiff's seasonable appeal from this denial ensued.

On the surface of the record the dismissal of the case under Rule 41(b)(1), M.R.Civ.P.,[3] in full conformity with the rule, is an "adjudication upon the merits." Rule 41(b)(3), M.R.Civ.P.[4]

The record before us on appeal does not disclose what evidence, if any, was before the Justice below when the Rule 60(b) motion was heard. The inclusion in the record of that motion and the affidavit of plaintiff's counsel cannot fill this critical void. Since there is no concession by defendant of the truth of the assertions therein made, we

---

1. The April 16th motion was not sworn to or accompanied by affidavit. However, an affidavit of plaintiff's counsel attaching a letter signed by defendant's President dated *July 14, 1972* bears this notation: "Filed June 14, 1976 just prior to hearing on motion to restore case to the docket [s/ initials of Justice]."

2. "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ." Subsections (2) through (5) are not relevant to plaintiff's motion.

3. "(1) *On Court's Own Motion.* The court, on its own motion, after notice to the parties, and in the absence of a showing of good cause to the contrary, shall dismiss an action for want of prosecution at any time more than two years after the last docket entry showing any action taken therein by the plaintiff other than a motion for continuance."

4. "*Effect.* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

cannot assume the factual accuracy thereof. Neither can we consider the argument set forth in plaintiff's brief,[5] since we cannot juxtapose it against a testimonial record.

Our review is concerned only with whether the presiding Justice abused his discretion when ruling on the Rule 60(b) motion. *Reville v. Reville,* Me., 370 A.2d 249, 252 (1977); *Ingham v. Tzikas,* Me., 320 A.2d 665, 667 (1974).

When confronted by an inadequate record, we recently said: "[T]he record furnishes us no basis for an effective review of the Superior Court's decision granting the . . . motion . . . ." *Berry v. Berry,* Me., 388 A.2d 108, 109 (Opinion June 11, 1978). Such being the law and being faced with a deficient record, our holding in *Jacobson v. State, State Highway Commission,* Me., 347 A.2d 426, 427–28 (1975), is dispositive, namely:

> "The record contains no account of the hearing on the Rule 60(b) motion. In the absence of a stenographic record of a proceeding, our rules permit the appellant to prepare a 'statement' of the proceeding from the best available means. After approval by the appellee, and settlement and approval by the trial court, this statement may then be included in the record on appeal. M.R.Civ.P. 74(n). The intervenors have failed to utilize this procedure, and we are consequently left with a record which lacks the information necessary for appellate review. Since the record affords us no opportunity to examine the presiding Justice's ruling on the intervenors' Rule 60(b) motion, the question of whether that ruling constituted an abuse of discretion is not properly before us on appeal. See *Patterson v. Rossignol,* Me., 245 A.2d 852, 854–55 (1968). This being the case, we hold that the presiding Justice correctly denied the intervenors'

motion for relief from the judgment under Rule 60(b)."

The entry is:

Appeal denied.

Judgment affirmed.

**5.** For example, plaintiff's brief argues:

> "This action by the Court, it is submitted, was arbitrary in violation of the spirit of 41(b), an abuse of discretion, and a violation of the due process clause of the U. S. Constitution. The Court was well aware of the rare opportunities for Civil Trial in Androscoggin County over the prior years and that the

Plaintiff's witnesses were from out of state. Further, there was an affirmative defense in the nature of a motion by the Defendant that had not been disposed of. He failed to consider the nature of the case, the amount of the claim or whether there were any other circumstances justifying a continuance of the case on the docket."