## ST. PIERRE CREDIT UNION

v.

## Francis WILLIAMS.

Supreme Judicial Court of Maine.

Argued March 1, 1982.

Decided March 10, 1982.

Rocheleau & Fournier, P. A., Paul C. Fournier (orally), Lewiston, for plaintiff.

Harold Lichten (orally), Karen B. Herold, Pine Tree Legal Assistance, Inc., Lewiston, for amicus curiae.

Thomas M. Mangan (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

WATHEN, Justice.

Defendant Francis Williams appeals from a decision of the Superior Court (Androscoggin County) which denied his appeal from a District Court denial of his motion for relief from judgment under M.Dist.Ct. Civ.R. 60(b). Since the record before us on appeal is not sufficient to permit review, we must deny the appeal.

In 1971 defendant co-signed a promissory note to plaintiff for a loan of $6400. After the signers of the note defaulted, plaintiff brought suit against defendant in 1979 seeking payment of the original amount of the note plus interest and costs. The District Court awarded plaintiff judgment for a total of $7,101.94. Following the issuance of an execution on the judgment and a disclosure hearing of which there is no evidentiary record, the District Court ordered defendant to make installment payments of $40 per month until the judgment is satisfied. Defendant did not pursue direct appeal but moved for relief

from judgment under M.Dist.Ct.Civ.R. 60(b). He sought to have the installment payment order declared void on the grounds that the District Court had no jurisdiction to permit defendant's Federal Disability Income to be used as the basis of an installment payment order. The motion was denied. There is no record of the evidence that was before the District Court judge when the 60(b) motion was heard. Defendant appealed the denial of the motion to Superior Court, pursuant to M.Dist.Ct. Civ.R. 60(c) which provides for a hearing *de novo* on the motion. No evidence was adduced at the brief hearing before the Superior Court, and again the record is devoid of the evidentiary basis of the court's decision.[1] The Superior Court denied the appeal and the *de novo* motion for relief from judgment.

 Since the granting of a motion for relief from judgment under Rule 60(b) is a matter of the court's discretion, our review of a denial of such a motion is limited to whether or not the presiding justice abused his discretion. *Construction Products Co., Inc. v. W. D. Matthews Machinery Co.*, Me., 388 A.2d 916, 918 (1978); *Reville v. Reville*, Me., 370 A.2d 249, 252 (1977). However, as we said in *Construction Products Co., Inc. v. W. D. Matthews Machinery Co.*, Me., 388 A.2d 916 (1978): "Since the record affords us no opportunity to examine the presiding Justice's ruling on the . . . 60(b) motion, the question of whether that ruling constituted an abuse of discretion is not properly before us on appeal." *Id.* at 918 (quoting *Jacobson v. State, State Highway Commission*, Me., 347 A.2d 426, 427 (1975).

The rules of civil procedure allow appellants to submit approved statements of the evidence when transcripts have not been made. M.Dist.Ct.Civ.R. 75(c). The vehicle was readily available, therefore, for the defendant to place before the reviewing court a record of both the disclosure hearing and the hearing before the District Court on the 60(b) motion. Since defendant did not use

this procedure or any other to provide us with the evidentiary basis for an informed appellate review, we must affirm the decision below.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

1. Plaintiff's pretrial memorandum for the *de novo* hearing in Superior Court indicates that documents concerning defendant's sources of income were to be produced at the hearing. If they were, those documents should have been made part of the record.