Raymond RAMSEY, d/b/a Sun 'N
Surf Restaurant

v.

**BOARD OF APPEALS OF TOWN
OF YORK.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1982.

Decided Oct. 21, 1982.

Michael, Jones, Wensley & Smith, Joseph Michael (orally), Craig F. Evans, Rochester, N.H., for plaintiffs.

Strater, Hancock & Erwin, P.A., Nicholas S. Strater (orally), York, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

MEMORANDUM OF DECISION.

The plaintiff, Raymond Ramsey, appeals from the judgment of the Superior Court, York County, denying his motion under Rule 60(b)(1) or (6), M.R.Civ.P., for relief from that court's previous order, pursuant to Rule 41(b), dismissing for failure of prosecution his 80B complaint seeking the setting aside of the defendant Board of Appeals' denial of a variance required for the issuance of a special amusement license in his operation of the Sun 'N Surf Restaurant. We deny the appeal.

The plaintiff's sole contention on appeal is that the Superior Court abused its discretion in denying his Rule 60(b) motion.[1] The Court's decision underlying the denial of the plaintiff's motion is dated February 25, 1982 and reads in full as follows:

> Upon due consideration of arguments of counsel and this court finding that petitioner's own neglect was responsible in part for the failure to prosecute the within appeal and that such neglect was not excusable and there appearing to be no other basis sufficient within the purview of M.R.Civ.P. Rule 60(b), the motion for relief be and hereby is denied.

But the plaintiff has failed to supply this Court with any transcript, or its equivalent, of the proceedings before the Superior Court held on February 25, 1982 from which the Law Court could determine whether the Superior Court abused its discretion in finding as it did that the plaintiff had not established the necessary evidentiary basis for any relief within the purview of Rule 60(b). Without an adequate record for re-

---

1. Rule 60(b), M.R.Civ.P., provides in pertinent part:

   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . ; or (6) any other reason justifying relief from the operation of the judgment.

view, the appeal must fail.[2] *Daviau v. Pozzy,* Me., 419 A.2d 365, 366 (1980); *Cutler Associates, Inc. v. Merrill Trust Co.,* Me., 395 A.2d 453, 455 (1978). *See also State v. Meyer,* Me., 423 A.2d 955, 956 (1980).

Accordingly, the entry will be:

Appeal denied.

Judgment affirmed.

All concurring.

---

**2.** We wish, however, to call to counsel's attention that, where, as in this case, a party fails to appeal, and allows to become a final adjudication, a judgment of dismissal entered pursuant to Rule 41(b), M.R.Civ.P., a Rule 60(b) motion is not a substitute for appeal. *See Harris Baking Co. v. Mazzeo,* Me., 294 A.2d 445, 450–51 (1972).