**MERRILL/NORSTAR BANK**

v.

**Larry J. SITES, Sr., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 1, 1991.
Decided June 13, 1991.

Larry Sites, pro se.

Laurie A. Dart, Stephen Morrell, Eaton, Peabody, Bradford & Veague, Bangor, for Eastern Maine Medical.

Richard Hall, Hall & Lunn, Bangor, for Colonial Carpets.

Stanley Greenberg, Greenberg & Greenberg, Portland, for Sears, Roebuck & Co.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Larry Sites appeals from an order of the Superior Court (Penobscot County, *Beaulieu, J.*) denying his M.R.Civ.P. 60(b) motion for relief from judgment. We affirm.

Merrill/Norstar Bank foreclosed a mortgage it held on real estate in Bangor owned by Sites, and sold the property at public auction. *See* 14 M.R.S.A. §§ 6321–6324 (Supp.1990).[1] Sites claimed that he was entitled to the surplus proceeds from the sale of the property under the Maine homestead exemption, and moved that the Superior Court order the bank to disburse the proceeds to him. *See* 14 M.R.S.A. § 4422(1) (Supp.1990). Several parties who held liens on the property, including Appellee Eastern Maine Medical Center

(EMMC),[2] opposed Sites's claim to the surplus proceeds. In November 1989, the Superior Court held that Sites did not qualify for the homestead exemption because he had not expressed an intent to use the surplus proceeds to purchase another residence. *See Brown v. Corriveau*, 576 A.2d 200, 201–02 (Me.1990); *In re Tardiff*, 38 B.R. 974, 976 (Bankr.D.Me.1984); *In re Grindal*, 30 B.R. 651, 653 n. 4 (Bankr.D.Me.1983). The court ordered that the $6,498.10 in surplus proceeds be disbursed to lienholders EMMC, Sears, Roebuck & Co., and Colonial Carpets, Inc.

Subsequently, Sites made a motion for relief from the court's order based on additional evidence. The court properly treated the motion as a M.R.Civ.P. 60(b)(1) motion for relief from judgment.[3] The evidence offered by Sites at the Rule 60(b) hearing was a September 1989 deed allegedly demonstrating his intent to purchase another residence. Finding that Sites had failed to offer any justification for his mistake, inadvertence, or neglect in failing to present the evidence to the court prior to the order, the court denied the motion.

 As the party making the Rule 60(b)(1) motion for relief from judgment, Sites had the burden of showing why he was justified in failing to avoid the mistake, inadvertence or neglect. *Pederson v. Cole*, 501 A.2d 23, 25 (Me.1985). Sites's failure to provide in the record on appeal a transcript of the hearing before the Superior Court on his Rule 60(b) motion prevents us from adequately reviewing whether the court erred in denying the motion. *See Ramsey v. Board of Appeals of Town of York*, 451 A.2d 651, 651–52 (Me.1982); *Maiorino v. Morris*, 367 A.2d 1038, 1040

---

1. The bank held a public sale after Sites failed to redeem the property within 90 days from the date of the judgment of foreclosure and sale. *See* 14 M.R.S.A. §§ 6322–6323.

2. As a lienholder on the mortgaged property, EMMC was named as a party in interest in Merrill/Norstar's foreclosure action. *See* 14 M.R.S.A. § 6321 (Supp.1990). Merrill/Norstar recovered from the proceeds of the sale all amounts due and payable on the mortgage together with interest, and did not participate in this appeal.

3. M.R.Civ.P. 60(b)(1) provides:

 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

(Me.1977). Moreover, in the record that is before us, there is no evidence that Sites offered any justification for his failure to introduce evidence of the September 1989 deed prior to the court's November 1989 order. *See Pederson*, 501 A.2d at 25.

The entry is:

Judgment affirmed.

All concurring.