STATE OF MAINE

YORK, ss.

DOCKET NO. RE-10-307
JON - YOR - 1/6 2012

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

      Plaintiff

v.

ANDREW G. LUDE, et al.,

      Defendants

**ORDER ON MOTION**

The Court has carefully considered the arguments and affidavits submitted. The Court concludes that this motion should be evaluated under Rule 60(b) instead of Rule 59.

To establish relief under Rule 60(b)(1) for mistakes, it is also required that the moving party establish why there was justification for the mistake being made. *See e.g., Merrill/Norstar Bank v. Sites*, 592 A.2d 1077 (Me. 1991).

In this case the mistake was the belief that the Plaintiff was not in fact the proper plaintiff according to the Wells Fargo database. This was appropriately brought to the court's attention by counsel rather than going through with a trial.

A review of Ms. Decaro's affidavit indicates she had acted diligently in accessing the Wells Fargo database including consulting with a Wells Fargo paralegal. The mistake occurred as a consequence of a relatively complicated accounting process, which shifted future payments to prior holders.

The Court concludes that due to the complexity of this portion of the Wells Fargo database that there was adequate justification to explain this mistake.

Based on the history of this case, it would likely not have been an abuse of discretion to deny this motion, but the court concludes the motion should be granted for the reasons stated above. There had remained counterclaims in place and no additional trial burden would be placed on the court as all issues are interwoven.

Accordingly, the court orders as follows:

1.  Motion granted. Complaint to be reinstated with matters to be set for trial.

2.  Counsel for Defendants to be awarded their counsel fees in trial preparation for July 11, 2012 including court appearance and fees for opposing the motion for voluntary dismissal.

3.  Clerk may incorporate this order by reference on the docket.

Dated:     November 6 , 2012

_____
John H. O'Neil, Jr.
Justice, Superior Court

ATTORNEYS FOR PLAINTIFF:
MARK A DARLING ESQ
LITCHFIELD CAVO LLP
6 KIMBALL LANE SUITE 200
LYNNFIELD MA  01940

NEIL S HIGGINS ESQ
FLAGG LAW PLLC
93 MIDDLE STREET
PORTSMOUTH NH  03801

ATTORNEY FOR DEFENDANT:
S JAMES LEVIS JR ESQ
LAW OFFICE OF S JAMES LEVIS JR PA
5 WEBHANNET PLACE BOX 12
KENNEBUNK ME  04043


ATTORNEYS FOR PARTIES-IN-INTEREST:
MOLLY BUTLER BAILEY ESQ
DAVID WEYRENS ESQ
THE HALLETT LAW FIRM
PO BOX 7508
PORTLAND ME  04112



STATE OF MAINE
YORK, ss.

DEUTSCHE BANK NATIONAL )
TRUST COMPANY, as Trustee for )
Morgan Stanley Capital I Inc. Trust )
2006-NC2, a banking corporation )
duly organized and existing under )
the laws of the State of California )
and having a place of business in )
Irvine, California, )
)
        Plaintiff, )
)
        v. )
)
ANDREW G. LUDE )
)
        Defendant, et al, )
)

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-10-~~106~~

JUDGMENT OF
FORECLOSURE AND SALE
ORDER

I.     Background

Defendant/Counterclaim Plaintiff ("Defendant"), Andrew Lude, executed a note

and mortgage in favor of New Century Mortgage Corporation in November of 2005 on

the property located at 346 Elm St. in Biddeford, Maine. On September 1, 2006, New

Century Mortgage filed a foreclosure complaint in York Superior Court against

Defendant on the 346 Elm St. property. On May 28, 2010, the Court found that New

Century Mortgage had failed to prove that it existed as a legal entity or that it was the

holder of the note with standing to enforce it.

On November 18, 2010, a "Corrective Assignment" was issued and recorded on

the mortgage on the 346 Elm St. property from New Century Mortgage to Deutsche Bank

National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2.

On June 4, 2012, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley

Capital I Inc. Trust 2006-NC2 ("Plaintiff") filed a complaint for foreclosure on the 346

1

Elm St. property. Trial was set for July 11, 2012 in that matter. However, Plaintiff's counsel indicated that the named Plaintiff was the wrong party and it would not be able to prove its case. Plaintiff moved for voluntary dismissal pursuant to Me. R. Civ. P. 41(a)(2). The Court granted dismissal of the action on July 13, 2012 with prejudice. Plaintiff moved the Court for relief from dismissal, which was granted on November 6, 2012. Trial on the merits was held on March 4, 2013.

II. Discussion

In order to succeed in a mortgage foreclosure action, the plaintiff must be able to show, at least,

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any,

- properly present proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage,

- a breach of condition in the mortgage note, including any reasonable attorney fees and court costs

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements,

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements,

2

- after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules, and

- if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act."

Chase Home Finance LLC v Higgins, 2009 ME 136, ¶11, 985 A.2d 508, (citations omitted). A party seeking to foreclose must strictly comply with all statutory steps. Camden Nat'l Bank v. Peterson, 2008 ME 85, ¶21, 948 A.2d 1251. Plaintiff has shown that a mortgage exists, that it is the owner of both the note and the mortgage, that there was a breach of condition of the mortgage, that notice was served, and that neither mediation nor the Servicemembers Civil Relief Act apply to Defendant. Therefore, Plaintiff's Motion for Judgment will be granted.

Plaintiff has shown evidence of the existence of and ownership of the mortgage and note. See 14 M.R.S. § 6321(2012). Plaintiff presented evidence that the note was properly endorsed in blank and that Plaintiff is the current holder of the note. Plaintiff produced the original mortgage note, endorsed in blank by Stephen Nagy of New Century, along with the mortgage, on the day of trial.

Defendant has defaulted on the terms of the mortgage agreement. Defendant has not made a loan payment since March 2006. Defendant testified to the default.

The property is not Defendant's primary residence, therefore Defendant is not entitled to mediation on the matter. 14 M.R.S. §6321-A (2012). Additionally, Plaintiff is

3

not currently a member of the military, therefore not entitled to relief under the Servicemembers Civil Relief Act. 37-B M.R.S. § 389-A (2012).

The Court finds that this action is not barred by claim preclusion or issue preclusion. In order to determine whether a claim is precluded, the court has laid out a three part test: "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." Johnson v. Samson Constr. Corp., 704 A.2d 866, 868 (Me. 1997). Issue preclusion applies if, "the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity. Macomber v. MacQuinn-Tweedie, 2003 ME 121, 23, 834 A.2d 131. A final judgment was entered in a proceeding between New Century Mortgage and Defendant on May 28, 2010, which held that New Century Mortgage did not own the note and mortgage and therefore could not foreclose. Because the named Plaintiff is different, and because the chain of title has since been altered, the Court finds that the parties are not the same and the matters to be decided in the current action are not the same and could not have been decided in the prior action. Plaintiff's claim is not barred.

III. Conclusion

Defendant, Andrew G. Lude is in default under the terms of a certain Promissory note given to New Century Mortgage Corporation dated November 24, 2005, that is held by Plaintiff, and has received notice of right to cure said default. Plaintiff is owed the following from Defendants:

4

| a. Principal balance: | $180,646.00 |
| b. Accrued interest through December 20, 2012 | $114,764.84 |
| c. Escrow advances | $ 36,722.08 |

The order of priority and the amount of the claim of each party appearing and proving its claim against the proceeds of the sale is as follows: $180,646.00 plus accrued interest in the amount of $114,764.84; plus any amounts advanced by Plaintiff to protect its mortgage security, including insurance premiums and real estate taxes; surplus. If any, to Defendants.

WHEREFORE, it is hereby Ordered and Decreed that if Defendant Andrew G. Lude, his heirs and assigns, do not pay Plaintiff the amounts adjudged to be due to Plaintiff above within ninety (90) days from the date of entry of this Order, Plaintiff (through its attorneys) shall proceed with a sale of the real estate described in the mortgage deed recorded in the York County Registry of Deeds in Book 14976 at Page 0374, pursuant to 14 M.R.S.A. §§ 6321 to 6324, free and clear of all liens, except liens senior to Plaintiff's mortgage, and shall pay the proceeds of the sale, after satisfying expense of sale, in the priority order and amounts set forth above.

If Defendants fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, Plaintiff shall then be entitled to exclusive possession of the real estate described in said mortgage.

An execution shall issue against Defendant, Andrew G. Lude.

Pursuant to M.R. Civ. P. 79(a), at the direction of the Court, this order may be incorporated by reference on the civil docket.

Dated: 4/5/13

_____
John O'Neil, Jr.
Justice, Superior Court

5

ATTORNEYS' FOR PLAINTIFF:
MARK A. DARLING, ESQ.
LITCHFIELD CAVO, LLP
6 KIMBALL LANE, SUITE 200
LYNNFIELD, MA 01940

JONATHAN M. FLAGG, ESQ.
FLAGG LAW, PLLC
93 MIDDLE STREET
PORTSMOUTH, NH 03801

ATTORNEY FOR DEFENDANT:
S. JAMES LEVIS, JR., ESQ.
LAW OFFICES OF S. JAMES LEVIS, JR., P.A.
5 WEBHANNET PLACE, #12
KENNEBUNK, ME 04043

ATTORNEYS' FOR PARTY-IN-INTEREST:
MOLLY BUTLER BAILEY, ESQ.
DAVID WEYRENS, ESQ.
THE HALLETT LAW FIRM
PO BOX 7508
PORTLAND, ME 04112